EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2026 TSPR 67 |
| | |
| Karol L. Rodríguez Hidalgo (TS-16,972) | 218 DPR ___ |

Número del Caso: AB-2025-0298

Fecha: 22 de junio de 2026

Representante legal de la promovida:

    Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por reiterado incumplimiento con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Karol L. Rodríguez Hidalgo<br>(TS-16,972) | AB-2025-0298 | Conducta<br>profesional |
|---|---|---|

*PER CURIAM*

En San Juan, Puerto Rico, a 22 de junio de 2026.

Una vez más nos vemos precisados a ejercer nuestro poder disciplinario para suspender de forma inmediata e indefinida a la Lcda. Karol L. Rodríguez Hidalgo del ejercicio de la abogacía y de la notaría, por razón de su reiterado incumplimiento con las órdenes de este Tribunal. Como se verá más adelante, la conducta que dio lugar a la presente sanción disciplinaria comenzó antes de la entrada en vigor de las nuevas Reglas de Conducta Profesional, *infra*, y se extendió durante su vigencia. Por consiguiente, la licenciada Rodríguez Hidalgo infringió tanto el Canon 9 del Código de Ética Profesional, *infra*, como las disposiciones correspondientes de las Reglas de Conducta Profesional, *infra*.

I

La Lcda. Karol L. Rodríguez Hidalgo (parte promovida) fue admitida al ejercicio de la abogacía el 30 de junio de 2008. Luego, el 11 de diciembre de 2015 fue admitida al ejercicio del notariado. Sin embargo, el 28 de octubre de 2025, la Sra. Gina M. Gugliano Valentín (parte promovente) presentó una queja en su contra. En esta, alegó que desde el 7 de octubre de 2025 no había tenido comunicación con la

licenciada Rodríguez Hidalgo y que los múltiples intentos realizados para establecer contacto resultaron infructuosos. Asimismo, sostuvo haber solicitado en tres ocasiones que la licenciada Rodríguez Hidalgo renunciara a la representación legal. Según indicó, esta respondió que le permitiera continuar desempeñando su labor profesional y que se comunicaría con ella de requerir información adicional. No obstante, la parte promovente afirmó que ello no ocurrió y que, ante la ausencia de comunicación, se vio precisada a contratar una nueva representación legal. Expuso, además, que fue dicha representación legal quien le informó que en el expediente del caso no constaba la renuncia de la licenciada Rodríguez Hidalgo. A su vez, le notificó la existencia de una sanción por incumplimiento y de una orden que requería una contestación dentro del término de veinticuatro horas.

Dicho esto, la parte promovente manifestó que, el 27 de octubre de 2025, la licenciada Rodríguez Hidalgo le informó haber sostenido una conversación con la representación legal de la parte adversa el 24 de octubre 2025 y que estaría remitiendo varios correos electrónicos relacionados con asuntos pendientes del caso. A pesar de ello, aseveró que la parte promovida nunca le notificó la imposición de la sanción por incumplimiento. A su vez, adujo que no autorizó dichas comunicaciones con la representación legal de la parte adversa, toda vez que previamente le había solicitado su renuncia y el reembolso de los $1,500.00 que le había entregado por concepto de honorarios.

Ante ello, el 18 de noviembre de 2025, la Secretaría de este Tribunal le cursó una misiva a la licenciada Rodríguez Hidalgo concediéndole un término de diez días para que sometiera su contestación a la queja. Sin embargo, esta no compareció.

Por consiguiente, el 11 de diciembre de 2025, Secretaría notificó un segundo requerimiento para que compareciera dentro del término de diez días para contestar, pero la parte promovida tampoco compareció. En ambas notificaciones se le advirtió que, de no comparecer en el término provisto, la queja sería referida al Pleno de este Tribunal para la acción correspondiente, incluyendo la posible imposición de sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión.

Según advertido, el 12 de febrero de 2026 esta Curia emitió una *Resolución* concediéndole un término adicional de diez días a la parte promovida para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía, por incumplir con las órdenes de este Tribunal al no presentar su contestación a la queja. Una vez más, la licenciada Rodríguez Hidalgo desatendió nuestras órdenes. Aun así, el 20 de marzo de 2026 le concedimos un término final de diez días para que mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía.

Cabe resaltar que cada una de las referidas cartas y resoluciones fue notificada al correo electrónico de la

licenciada Rodríguez Hidalgo consignado en el Registro Único de Abogados y Abogadas (RUA). No obstante, al presente, la togada no ha comparecido ante nos.

II

El anterior Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establecía lo siguiente:

> El abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales. En casos donde ocurrieren tales ataques o atentados, el abogado debe intervenir para tratar de restablecer el orden y la buena marcha de los procedimientos judiciales.
>
> El deber de respeto propio para con los tribunales incluye también la obligación de tomar las medidas que procedan en ley contra funcionarios judiciales que abusan de sus prerrogativas o desempeñan impropiamente sus funciones y que no observen una actitud cortés y respetuosa.

En el pasado, hemos reiterado que se vulnera dicho precepto cuando un abogado o abogada no responde nuestras órdenes con premura y atención, demostrando de este modo un claro menosprecio hacia nuestra autoridad. *In re Matías Balaguer*, 2026 TSPR 21, 217 DPR__ (2026); *In re Ortiz Rodríguez* 2025 TSPR 135, 217 DPR ____ (2025); *In re Cardona Estelritz*, 201 DPR 607 (2018); *In re Ortiz Medina*, 198 DPR 26 (2017).

En ese sentido, hemos expresado que el respeto al cual alude el precitado Canon 9 se despliega, particularmente, cuando los abogados le prestan atención especial a las órdenes que se relacionan con un procedimiento disciplinario. *In re*

*Ortiz Rodríguez*, *supra*. En cambio, la desatención de las órdenes de un tribunal de cualquiera de los tres niveles jerárquicos constituye un grave insulto a su autoridad, en clara violación al mandato expreso del Canon aludido. *In re Pérez Vargas*, 2026 TSPR 16, 217 DPR__ (2026). Lo anterior, por cuanto incumplir con las órdenes de un tribunal denota una actitud de menosprecio e indiferencia hacia su autoridad. Íd.

Desatender los requerimientos de este Tribunal es incompatible con el ejercicio de la profesión legal, puesto que menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Figueroa Cortés*, 196 DPR 1 (2016). Por consiguiente, dicha conducta constituye una falta grave al Canon 9 del Código de Ética Profesional, *supra*, la cual conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd. Véase, también, *In re Ortiz Rodríguez*, *supra*; *In re Bauzá Tirado*, 211 DPR 633 (2023); *In re Torres Trinidad*, 211 DPR 65 (2023); *In re Ocasio Bravo*, 209 DPR 1043 (2022); *In re Cardona Estelritz*, *supra*. Incluso, el incumplimiento de una orden de mostrar causa emitida por este Tribunal, luego de habérsele concedido a un abogado o abogada la oportunidad de expresarse, conlleva la suspensión indefinida, no tan solo del ejercicio de la abogacía, sino del notariado. *In re Pérez Vargas*, 214 DPR 1177 (2024).

Es menester destacar que una violación al Canon 9, *supra*, es distinta y separada de los méritos de la queja instada contra el profesional del derecho. *In re Ortiz Santiago*, 2025

TSPR 105, 216 DPR___ (2025); *In re Montalvo Delgado*, 196 DPR 541 (2016); *In re Maldonado Giuliani*, 195 DPR 670 (2016).

Dicho esto, las Reglas de Conducta Profesional, *In re Rs. Conducta Prof. PR*, 2025 TSPR 64, 216 DPR ___ (2025), entraron en vigor a partir del 1 de enero de 2026, derogando de este modo el Código de Ética Profesional, *supra*. En lo pertinente, la Regla 3.3(a) de las Reglas de Conducta Profesional, *Íd.*, consagra el texto del Canon 9 del Código de Ética Profesional, *supra*. *In re Matías Balaguer*, *supra*. Al respecto, dispone que "[t]oda persona que ejerce la abogacía debe procurar que en los tribunales prevalezca siempre un ambiente de decoro y formalidad". Reglas de Conducta Profesional, *supra*, pág. 134. De conformidad, toda persona admitida al ejercicio de la abogacía está llamada a observar una conducta de estricto respeto hacia los tribunales y a ser colaborador activo de la labor de impartir justicia. Véase, Comentario a la Regla 3.3 de las Reglas de Conducta Profesional, *Íd.*, pág. 135.

A su vez, la Regla 8.1 de las Reglas de Conducta Profesional, *Íd.*, pág. 205, dispone que se encuentra dentro de las facultades inherentes de este Tribunal el reglamentar todo asunto concerniente al ejercicio de la profesión legal, incluyendo la separación de sus miembros. Ello supone necesariamente que, en el ejercicio de esa prerrogativa, adoptemos normas de conducta dirigidas a la preservación de la integridad de la profesión y la adecuada administración de

la justicia, las cuales deben ser observadas y cumplidas a cabalidad.

El inciso b de la referida Regla, Íd., dispone que un abogado o una abogada que participe en un asunto disciplinario no podrá:

> (b) dejar de divulgar información necesaria para corregir una apreciación errónea que conoce que surgió en el asunto; **o incumplir, a sabiendas, con una orden** o un requerimiento de información formulado por la autoridad disciplinaria o encargada del procedimiento de admisión. Esta regla no requiere la divulgación de información protegida por la Regla 1.6. (Negrilla suplida). Reglas de Conducta Profesional, Íd., pág. 205.

En cambio, constituye conducta impropia violar o intentar violar estas Reglas. R. 8.4 de las Reglas de Conducta Profesional, Íd. Por tanto, las personas que ejercen la abogacía y la notaría que así actúen, quedan sujetas a la imposición de medidas disciplinarias. Véase, Comentario a la Regla 8.4 de las Reglas de Conducta Profesional, Íd., pág. 210.

III

Surge del expediente que a la licenciada Rodríguez Hidalgo se le concedieron cuatro oportunidades para contestar la queja en su contra: dos cartas de Secretaría fechadas al 18 de noviembre de 2025 y 11 de diciembre de 2025, así como dos Resoluciones emitidas el 12 de febrero de 2026 y 20 de marzo de 2026, respectivamente. En cada ocasión, este Tribunal le apercibió expresamente sobre la posibilidad de la imposición de sanciones disciplinarias en caso de incumplimiento. Además, todas las cartas y Resoluciones fueron

notificadas al correo electrónico de la parte promovida consignado en RUA. No obstante, la letrada hizo caso omiso de dichos requerimientos y no compareció a contestar la queja.

De aquí que se configuraron infracciones éticas bajo la vigencia del Código de Ética Profesional, *supra*, así como bajo las nuevas Reglas de Conducta Profesional, *supra*. Concretamente, el desatender los requerimientos de Secretaría notificados el 18 de noviembre de 2025 y 11 de diciembre de 2025, la licenciada Rodríguez Hidalgo infringió el Canon 9 del Código de Ética Profesional, *supra*. A su vez, al ignorar las dos Resoluciones emitidas el 12 de febrero de 2026 y 20 de marzo de 2026, esta dejó de conducirse hacia este Tribunal con el decoro y respeto que exige la Regla 3.3(a) de las Reglas de Conducta Profesional, *supra*. Por último, el proceder de la parte promovida contravino el deber de atender nuestras órdenes consignado en la Regla 8.1(b) de las Reglas de Conducta Profesional, *supra*.

Tal conducta constituye una desatención reiterada a las órdenes de este Tribunal. Este patrón de conducta falta crasamente al respeto que exigen nuestras órdenes y apercibimientos en el presente procedimiento disciplinario, en claro menosprecio de nuestra autoridad sancionadora.

Valga resaltar que la obligación de la licenciada Rodríguez Hidalgo de responder a nuestros requerimientos no queda supeditada a la apreciación personal sobre los méritos de la queja. Por el contrario, una vez emitida cualquier orden por este Foro, corresponde cumplirla a cabalidad y sin

dilación alguna. Así, independientemente de los méritos de la queja instada en contra de la parte promovida, la displicencia proyectada por esta es contraria a los postulados del Canon 9 del Código de Ética Profesional, *supra*, y a las Reglas 3.3(a) y 8.1(b) de las Reglas de Conducta Profesional, *supra*. Ello es causa suficiente para ejercer nuestro poder disciplinario. Por lo tanto, nos vemos obligados a suspenderle inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.

IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Karla L. Rodríguez Hidalgo de la abogacía y de la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Además, se le ordena devolverles a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Asimismo, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. También, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Rodríguez Hidalgo y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Foro. En virtud de su suspensión inmediata del ejercicio

de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. **La fianza se considerará buena y válida por tres años** después de su terminación en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente. Se le apercibe, además, que esta acción disciplinaria no la exime de corregir cualquier falta señalada por la ODIN en su obra notarial, así como la presentación de cualquier índice mensual e informe anual adeudado.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Rodríguez Hidalgo por medio del correo electrónico registrado en el RUA y personalmente. El recibo de esta notificación será confirmado por la vía telefónica.

Se dictará sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Karol L. Rodríguez Hidalgo<br>(TS-16,972) | AB-2025-0298 | Queja |
|---|---|---|

SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, suspendemos inmediata e indefinidamente a la Lcda. Karla L. Rodríguez Hidalgo de la abogacía y de la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Además, se le ordena devolverles a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Asimismo, deberá informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. También, acreditará a este Tribunal el cumplimiento con lo aquí ordenado dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la señora Rodríguez Hidalgo y entregarlos al Director de la Oficina de Inspección de Notarías (ODIN) para el correspondiente examen e informe a este Foro. En virtud de su suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. **La fianza se considerará buena y válida por tres años** después de su terminación en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente. Se le apercibe, además, que esta acción disciplinaria no la exime de corregir cualquier falta señalada por la ODIN en su obra notarial, así como la presentación de cualquier índice mensual e informe anual adeudado.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Rodríguez Hidalgo por medio del correo electrónico registrado en el RUA y personalmente. El recibo de esta notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo